UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON T.,

                         **Plaintiff,**

    vs.                                                1:18-CV-298
                                                           (MAD/TWD)
**ANDREW SAUL,** *Commissioner of*
*Social Security,*[1]

                         **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LEGAL AID SOCIETY OF NORTHEASTERN NEW YORK - SARATOGA SPRINGS**<br>40 New Street<br>Saratoga Springs, New York 12866<br>Attorneys for Plaintiff | **MARY MARTHA WITHINGTON, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION OFFICE OF REGIONAL GENERAL COUNSEL**<br>Region II<br>26 Federal Plaza – Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **KRISTINA D. COHN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action on March 9, 2018, seeking review of the decision of the

Commissioner of Social Security (the "Commissioner") denying his application for Social

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

Security Disability Benefits ("DIB"). *See* Dkt. No. 1. In a Report and Recommendation dated July 16, 2019, Magistrate Judge Dancks recommended that the Court affirm the decision of the Commissioner and dismiss this action. *See* Dkt. No. 11 at 2. On July 27, 2019, Plaintiff objected to the Report and Recommendation on three grounds: (1) the Administrative Law Judge ("ALJ") failed to properly weigh the medical opinion evidence; (2) the ALJ failed to consider the combined effect of Plaintiff's mental and physical impairments; and (3) the ALJ failed to appropriately evaluate Plaintiff's credibility and, thus, reached an erroneous conclusion regarding his RFC. *See* Dkt. No. 12 at 2-4.

Currently before the Court are Magistrate Judge Dancks' Report and Recommendation and Plaintiff's objections thereto.

## II. BACKGROUND

Plaintiff Aaron T. was born on October 20, 1976, and lives with his mother. *See* Administrative Transcript ("Tr.") at 90, 91. Plaintiff alleges disability due to vestibular neuronitis, chronic migraines, anxiety and panic disorder, and irritable bowel syndrome (IBS). *Id*. at 113. Plaintiff filed an application for social security disability benefits in September 2014, alleging disability as of April 14, 2014. *Id*. The application was denied and Plaintiff made a timely request for a hearing in front of an ALJ, which was held before ALJ Dale Black-Pennington on October 18, 2016. *Id*. at 122, 128, 84-110. A supplemental hearing was held on April 6, 2017 to obtain additional testimony. *Id*. at 69-83. ALJ Black-Pennington issued an unfavorable decision on May 26, 2017, finding that Plaintiff was not disabled as defined by the Social Security Act (the "Act"). *Id*. at 13-36. The Commissioner subsequently denied Plaintiff's request for review of the ALJ's decision. *Id*. at 1. Plaintiff commenced this action challenging the Commissioner's decision on March 9, 2018. *See* Dkt. No. 1.

After carefully reviewing Plaintiff's Objections, the Court finds that Magistrate Judge Dancks correctly recommended upholding the Commissioner's final decision based on the ALJ's findings. For the reasons stated below, the Court adopts Magistrate Judge Dancks' Report and Recommendation in its entirety.

### III. DISCUSSION

**A. Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *see also Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's factual determinations are conclusive, and it is not permitted for the courts to substitute their analysis of the evidence. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) (stating that the court "would be derelict in our duties if we simply paid lip service to this rule, while shaping [the Court's] holding to conform to our own interpretation of the evidence"). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a

de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Analysis**

*1. Opinion Evidence*

In her objections, Plaintiff first argues that the ALJ failed to properly weigh the medical opinion evidence resulting in an erroneous decision that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments. *See* Dkt. No. 12 at 2. Specifically, Plaintiff argues that the ALJ erred in failing to give Plaintiff's providers' assessments greater weight than the assessments of examining and non-examining consultative examiners. *See* Dkt. No. 9 at 17. In contrast, Defendant argues that the ALJ accorded the proper weight to each of the opinions based on the status of the source as an acceptable medical source and the consistency of the opinion with the record evidence. *See* Dkt. No. 10 at 9-11.

The treating physician rule states that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). Medical opinions given by providers who are not an "acceptable medical source" are not subject to the treating physician rule. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "'Acceptable medical sources' are further defined (by regulation) as licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists." *Genier v. Asrtue*, 298 Fed. Appx. 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a)). Licensed clinical social workers and physician's assistants are not "acceptable medical sources." SSR 06-03P, 2006 WL 2329939 *2 (Aug. 9, 2006).

Here, Plaintiff is alleging that the ALJ failed to adequately weigh the opinions of Plaintiff's treating providers Fred Van Kempen, LCSW-R ("Mr. Van Kempen") and Jeffrey E. Stark, PA ("Mr. Stark") over the opinions of the consultative examiners Thomas Osika, Ph.D. ("Dr. Osika") and Daryl Didio, Ph.D. ("Dr. Didio"). *See* Dkt. No. 9 at 17. However, Mr. Van Kempen, as a licensed clinical social worker, and Mr. Stark, as a physician's assistant, are not "acceptable medical sources" and, thus, are not subject to the treating physician rule. *See* SSR 06-03P, 2006 WL 2329939 *2 (Aug. 9, 2006); *see also* 20 C.F.R. § 404.1527(c)(2).

When an ALJ is considering how best to weigh the opinion of a non-acceptable medical source, the ALJ must consider a number of factors, including: (i) the frequency of the examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social

5

Security Administration's attention that tend to support or contradict the opinion. *See* SSR 06-03P, 2006 WL 2329939, *4 (Aug. 9, 2006); *see also* 20 C.F.R. § 404.1527(c). After accounting for these factors, the ALJ should generally explain the weight given to opinions from not-accepted medical sources or at least "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *See* SSR 06-03P, 2006 WL 2329939, *6 (Aug. 9, 2006).

The ALJ accorded "little weight" to the opinion of Mr. Stark. *See* Tr. at 27. In weighing the evidence provided by Mr. Stark, the ALJ noted that Mr. Stark's assessment was inconsistent with the other treating physicians. *See id*. Similarly, the ALJ accorded "little weight" to the opinion of Mr. Van Kempen. *See id*. The ALJ considered the frequency with which Mr. Van Kempen treated Plaintiff, noting a weekly treatment schedule for a period of time. *See id*. The ALJ also examined the information provided by Mr. Van Kempen as the basis for his opinion and found that his assertions were inconsistent with the other medical evidence. *See id*.

The ALJ accorded "some weight" to the opinion Dr. Osika. *See* Tr. at 26. In reaching such a determination, the ALJ noted that Dr. Osika had personally examined Plaintiff, has specific program knowledge, and found the opinion consistent with the record. *See id*. The ALJ accorded "great weight" to the opinion of Dr. Didio. *See id* at 28. The ALJ noted that Dr. Didio had an opportunity to review the entire record of medical evidence, has specialized program knowledge, and issued an opinion that was supported by various other treating and examining sources. *See id*.

The decision of the ALJ details the conclusions regarding weight of the medical opinions and provides sufficient explanation for the basis of each conclusion. *See id*. at 20-28.

Accordingly, Magistrate Judge Dancks correctly found that the ALJ properly considered each medical opinion in relation to the record evidence. *See* Dkt. No. 11 at 11.

### *2. The ALJ's Impairment Finding*

As noted above, Plaintiff claims that the improper weighing of the medical opinion evidence by the ALJ resulted in an incorrect determination as to impairment. *See* Dkt. No. 12 at 2. However, for the reasons set forth below, the Court finds that the ALJ's impairment determination is supported by substantial evidence.

For purposes of Social Security Disability Insurance Benefits, a person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). There is a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do." The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)).

A plaintiff will be found disabled if the individual has an impairment, or combination of impairments, that meets or equals one of the Listings and meets the duration requirement. 20 C.F.R. § 416.920(d). The burden is on the plaintiff to present medical findings that his or her impairment meets or equals a Listing. *See Davis v. Astrue*, No. 09-CV-0186, 2010 WL 2545961,

*3 (N.D.N.Y. June 3, 2010). A plaintiff must show that his or her impairment meets or equals all of the specified medical criteria of a Listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (superceded by statute on other grounds). If a plaintiff's impairment "manifests only some of those criteria, no matter how severely," the impairment does not qualify. *Id.*

Here, after considering all physical and mental impairment listings, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *See* Tr. at 19. In making such a determination, the ALJ considered the criteria listed in paragraphs B and C to determine whether Plaintiff's mental impairments met or equaled Listing 12.06. *See id*.

Listing 12.06 requires the existence of either "paragraph A" and "paragraph B" or "paragraph A" and "paragraph C." *See* 20 C.F.R., Pt. 404, Subpt. P, app'x 1, § 12.06. The ALJ did not expressly address the criteria of "paragraph A," which requires medical documentation of specified symptoms or conditions. *See* 20 C.F.R., Pt. 404, Subpt. P, app'x 1, § 12.06(a). However, even assuming Plaintiff meets the requirements of 'paragraph A," the ALJ concluded that Plaintiff fails to meet the requirements for "paragraph B" or "paragraph C." *See* Tr. at 19-20. Accordingly, the Court will focus it's analysis on "paragraph B" and "paragraph C."

"Paragraph B" provides that a plaintiff must demonstrate extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; or (4) adapt or manage oneself. 20 C.F.R., Pt. 404, Subpt. P., app'x. 1, § 12.06(b). "Paragraph C" requires that a plaintiff demonstrate that his or her mental disorder is "serious and persistent," meaning there is a medically documented history of the disorder for a period lasting longer than two years. 20 C.F.R., Pt. 404, Subpt. P., app'x. 1, § 12.06(c). Additionally, the plaintiff must

provide evidence of (1) medical treatment or mental health therapy that diminishes signs or symptoms of the mental disorder; and (2) marginal adjustment, meaning the plaintiff has the minimum capacity to adapt to changes in the environment or to demands not already included in the plaintiff's daily life. *Id*.

The ALJ determined that Plaintiff has mild to moderate limitations, but does not meet the threshold of having a marked limitation for the purposes of "paragraph B." *See* Tr. at 19. With respect to understanding, remembering, or applying information, the ALJ noted that Plaintiff is able to prepare meals, pay bills, go to doctor's appointments, manage medications, shop, and read. *See id*. Additionally, the ALJ noted that the record demonstrated that Plaintiff was able to follow instructions and provide information about his health and prior work history. *See id*. With regard to interacting with others, the ALJ noted moderate limitations. *See id*. The ALJ detailed the various social activities that Plaintiff engages in, including that he lives and shops with his mother, visits with family, had good rapport with medical providers, and good interactions with non-medical staff. *See id*. With respect to the ability to concentrate, persist, or maintain pace, the ALJ noted that Plaintiff has moderate limitations. *See id*. at 20. The record indicates that Plaintiff is able to prepare meals, watch television and movies, manage funds, and handle his own medical care. *See id*. Finally, with respect to the ability to adapt or manage himself, the ALJ noted moderate limitations. *See id*. The ALJ recognized Plaintiff's ability to manage his own personal hygiene, medical care, and finances and the lack of problems with temper control. *See id*.

Regarding "paragraph C," the ALJ determined that the evidence failed to establish that Plaintiff met the required criteria. *See id*. The ALJ properly noted, and as Magistrate Judge Dancks explains in greater detail, there is no evidence of instances of decompensation or the

diagnosis of a residual disease that would result in marginal adjustment. *See id.*; *see also* Dkt. No. 11 at 13-14.

The Court is not entitled to reject the ALJ's determination where there is evidence to support either position. *See Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012). The findings of the ALJ are "conclusive unless they are not supported by substantial evidence." *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). As described above and at great length in Magistrate Judge Dancks' Report and Recommendation, the ALJ carefully considered the record and determined that Plaintiff does not satisfy the requirements under "paragraph B" or "paragraph C." *See* Tr. at 19-20; *see also* Dkt. No. 11 at 11-14. Accordingly, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff was not impaired within the meaning of the Social Security Act.

### 3. *Combined Impact of Plaintiff's Impairments*

Plaintiff alleges that the ALJ failed to consider Plaintiff's physical impairments in conjunction with his mental impairments, leading to an erroneous decision that Plaintiff is not impaired. *See* Dkt. No. 9 at 18. This argument is without merit. The ALJ explicitly noted the aggravating role that Plaintiff's anxiety has on his vestibular neuronitis and explained that this interaction was taken into account when considering the question of impairment. *See* Tr. at 23, 19. Thus, the Court finds that the ALJ properly considered the combined effect of Plaintiff's mental and physical impairments when determining whether Plaintiff met the impairment threshold for the purposes of the Social Security Act.

### 4. *Residual Functional Capacity Determination*

Plaintiff claims the ALJ erred in analyzing both the medical opinion evidence and Plaintiff's testimony regarding his symptoms, leading to an erroneous conclusion regarding Plaintiff's RFC. Having previously decided that the ALJ's analysis of the medical opinion evidence was proper, the Court will examine whether the RFC determination is supported by substantial evidence.

A claimant's residual functional capacity ("RFC") represents a finding of the range of tasks he or she is capable of performing notwithstanding the impairments at issue. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). An RFC determination is informed by consideration of a claimant's physical and mental abilities, symptomology, including pain, and other limitations that could interfere with work activities on a regular and continuing basis. *See id.*; *see also Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999).

When addressing a plaintiff's RFC, an ALJ is required to note how "the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and non-medical evidence (*e.g.*, daily activities, observations)" to support each conclusion. S.S.R. 96–8p, 1996 WL 374184, at *7; *see also Balsamo v. Chater*, 142 F.3d 75, 80-81 (2d Cir. 1998). Additionally,

> [t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545, 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

S.S.R. 96–8p, 1996 WL 374184, at *1; *see also Balsamo v. Chater*, 339 F. Supp. 2d 480, 490 (W.D.N.Y. 2004). An ALJ's failure to explain the evidence he or she relied upon in assessing RFC constitutes a ground for a remand. *See Compo v. Commissioner of Social Sec.*, No. 6:05–CV–973, 2009 WL 2226496, *9 (N.D.N.Y. July 23, 2009) (citation omitted); *see also*

11

*Hodge v. Astrue*, No. 07–CV–0162, 2009 WL 1940051, *10 (N.D.N.Y. July 7, 2009) (citation omitted).

To properly ascertain a claimant's RFC, an ALJ must therefore assess the claimant's exertional capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push, and pull. *See* 20 C.F.R. §§ 404.1545(b), 404.1569a, 416.945(b), 416.969a. Nonexertional limitations or impairments, including impairments resulting in postural and manipulative limitations, must also be considered. *See* 20 C.F.R. §§ 404.1545(b), 404.1569a; *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). When making an RFC determination, an ALJ must specify those functions the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice. *See Martone*, 70 F. Supp. 2d at 150 (citing *Ferraris v. Heckler*, 728 F.2d 582, 588 (2d Cir. 1984)). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the corresponding regulations. *See Martone*, 70 F. Supp. 2d at 150 (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *Sobolewski v. Apfel*, 985 F. Supp. 300, 309-10 (E.D.N.Y. 1997).

Here, the ALJ provided detailed analysis of the medical evidence, describing evidence of Plaintiff's limitations as provided by each medical source and the requisite weight assigned thereto. *See* Tr. at 20-29. The ALJ concluded that

> Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: able to perform simple, routine tasks; able to perform some complex tasks; able to follow and understand simple instructions and directions; and should avoid unprotected heights, vibrations, heavy moving mechanical parts and other known workplace hazards.

*See id*. at 20. This conclusion was based in part on evidence in the record, including Plaintiff's testimony, that indicates that Plaintiff is able to perform a variety of daily tasks without issue, independently manage medical and financial matters, and follow written and spoken directions. *See id*. at 28. Notably, the ALJ acknowledged that Plaintiff reported "none to only minor problems with performing normal duties." *See id*. (citing Tr. at 331-332). The record makes clear that, in addition to the evaluation of the non-medical evidence, the ALJ sufficiently described the results of various medical examinations in support of her decision. *See id.* at 20-28.

Accordingly, the Court finds that Magistrate Judge Dancks correctly concluded that the medical records support the ALJ's conclusion that Plaintiff could perform a full range of work at all exertional levels and that the analysis was conducted in a legally sufficient manner. *See* Dkt. No. 11 at 23-24. Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

### 5. *Plaintiff's Credibility*

Plaintiff objects to Magistrate Judge Dancks' conclusion that the ALJ properly discounted Plaintiff's allegations of functional limitations based on the finding that they were not credible. *See* Dkt. No. 12 at 2. In contrast, Defendant argues that the ALJ was correct in finding Plaintiff's allegations not credible, citing inconsistencies with previous allegations and with the record evidence. *See* Dkt. No. 10 at 13.

"While the ALJ is required to take into account a claimant's reports of pain, symptoms, and other indicia of impairment, she is not required to accept those reports 'without question.'" *Genier*, 606 F.3d at 49; 20 C.F.R. § 416.929(a). Instead, she "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Id*. (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). The ALJ's credibility findings

13

receive "special deference" because of her ability to observe the claimant's testimony. *See Yellow Freight Sys., Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994). Like other findings of the ALJ, the credibility finding is reviewed for whether it is supported by substantial evidence. *See Hopkins v. Colvin*, No. 13–cv–4803, 2014 WL 4392209, *5 (S.D.N.Y. Sept. 5, 2014); *Torres v. Colvin*, No. 12–cv–6527, 2014 WL 241061, *12 (S.D.N.Y. Jan. 22, 2014).

The ALJ has discretion to assess the credibility of a claimant's testimony regarding disabling pain and other limitations, and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant. *See Marcus*, 615 F.2d at 27. The regulations set out a two-step process for assessing a claimant's statements about pain and other limitations:

> At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. . . . If the claimant does suffer from such an impairment, at the second step, the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record. The ALJ must consider statements the claimant or others make about his impairments, his restrictions, his daily activities, his efforts to work, or any other relevant statements he makes to medical sources during the course of examination or treatment, or to the agency during interviews, on applications, in letters, and in testimony in its administrative proceedings.

*Genier*, 606 F.3d at 49 (quotations and citations omitted).

If a plaintiff's testimony concerning the intensity, persistence or functional limitations associated with his impairments is not fully supported by clinical evidence, the ALJ must consider additional factors in order to assess that testimony, including: (1) daily activities; (2) location, duration, frequency, and intensity of any symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of any medications taken; (5) other

14

treatment received; and (6) other measures taken to relieve symptoms. 20 C.F.R. §§ 416.929(c)(3)(i)-(vi). The issue is not whether the clinical and objective findings are consistent with an inability to perform all substantial activity, but whether the plaintiff's statements about the intensity, persistence, or functionally limiting effects of his symptoms are consistent with the objective medical and other evidence. *See* SSR 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, *2 (Soc. Sec. Admin. July 2, 1996). One strong indication of credibility of an individual's statements is its consistency, both internally and with other information in the record. *Id.* at *5.

"After considering plaintiff's subjective testimony, the objective medical evidence, and any other factors deemed relevant, the ALJ may accept or reject claimant's subjective testimony." *Saxon v. Astrue*, 781 F. Supp. 2d 92, 105 (N.D.N.Y. 2011) (citing, *inter alia*, 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)). An ALJ rejecting subjective testimony "'must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence.'" *Melchior v. Apfel*, 15 F. Supp. 2d 215, 219 (N.D.N.Y. 1998) (quoting *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987)). The Commissioner may discount a plaintiff's testimony to the extent that it is inconsistent with medical evidence, the lack of medical treatment, and her own activities during the relevant period. *See Howe-Andrews v. Astrue*, No. CV-05-4539, 2007 WL 1839891, *10 (E.D.N.Y. June 27, 2007). With regard to the sufficiency of credibility determinations, the Commissioner has stated that

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in

15

> the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms to be inconsistent with the medical and other record evidence. *See* Tr. at 22. The ALJ described, in great detail, the many inconsistencies in reporting from Plaintiff. *See id*. at 22-29. For example, medical and psychological testing conducted as a means of addressing Plaintiff's complaints frequently indicated an absence of abnormalities. *See id*. at 22. Plaintiff claims that he is unable to focus, yet he did not demonstrate any difficulty following both written and spoken directions and his ability to remember was satisfactory. *See id*. at 28. Plaintiff claimed to receive no benefit from prior vestibular rehabilitation, yet the medical records indicate Plaintiff was discharged after achieving his treatment goals and a maximum benefit. *See id*. at 28, 334. These are just a few of the reasons cited by the ALJ as the basis for concluding that Plaintiff was not entirely credible.

The ALJ described with extensive detail the basis for her decision to discount Plaintiff's credibility. *See* Tr. at 22-29. The ALJ examined the (1) daily activities; (2) duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) medication history; (5) other treatment received; and (6) other measures taken to relieve symptoms.[2] *See id*. The underlying facts relating to each determination were explicitly detailed in such a manner as to

---

[2] See Magistrate Judge Dancks' Report and Recommendation for a discussion of the ALJ's examination of each factor. *See* Dkt. No. 11 at 25-29.

make clear why the ALJ determined Plaintiff's statements to be not entirely credible. *See* SSR 96-7p, 1996 WL 374186, at *2. Thus, the Court finds that the ALJ properly weighed Plaintiff's credibility on the issue of intensity, persistence, and limiting effects of his symptoms. *See* 20 C.F.R. §§ 416.929(c)(3)(i)-(vi). Accordingly, the Court finds the Plaintiff's RFC is supported by substantial evidence and based upon proper legal standards.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Dancks' Report and Recommendation, Plaintiff's objections and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 11) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2019
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge